[No. 1434.]

GREEN LAWSON *v.* THE STATE.

1. BURGLARY—INDICTMENT.—See the statement of the case, for an indict-
ment *held* sufficient to charge the offense of burglary committed in the
night time.

2. CONTINUANCE—NEW TRIAL.—Where an application for a continuance has
been refused, and after conviction it appears that the absent testimony,
considered in connection with the evidence adduced on the trial, was ma-
terial to the defense, and probably true, and the application for the con-
tinuance was otherwise sufficient, a motion for new trial should prevail.
See this case, in illustration.

APPEAL from the District Court of Rusk. Tried below before
the Hon. A. J. Booty.

A term of two years in the penitentiary was the penalty as-
sessed by a verdict of guilty, under an indictment, the charging
part of which is as follows:

"That Green Lawson, late of said county (Rusk), on the four-
teenth day of September, A. D. one thousand eight hundred and
eighty-one, and in said county, and State of Texas, did then
and there, at about the hour of ten o'clock of the night of the
day last above mentioned, did then and there forcibly break and
enter the dwelling house of one J. W. Coleman, then and there
situate, without the free consent of the owner, with the fraudu-
lent intent then and there to steal, take and carry away the
corporeal personal property then and there in said house, of
the value of fifty dollars, belonging to the said J. W. Coleman,
and in his possession, without the consent of the said J. W. Cole-
man, and with intent then and there to appropriate the same to
his, the said Green Lawson's own use and benefit, and with in-
tent then and there to deprive J. W. Coleman, the owner thereof,
of the value of the same; contrary to the law, and against the
peace and dignity of the State of Texas."

The appellant's motion to quash the indictment, with the cap-
tion omitted, reads as follows:

"Now comes the defendant and moves the court to quash the

indictment in this case, because the same is insufficient in law; and of this he prays judgment of the court.

"BUFORD & STONE,<br>
"Attorneys for the Defendant.

"And further excepting to the indictment herein, the defendant says the same is insufficient because it fails to charge that the defendant committed any felony, or did the breaking with intent to steal anything, and fails to charge that said property was the property of any person.

"BUFORD & STONE,<br>
"Attorneys for the Defendant."

The motion to quash was overruled.

The application of the defendant for a continuance, the refusal of which, considered in connection with the subsequent testimony on the trial, is held to entitle the defendant to a new trial, reads as follows:

"Now comes the defendant in the above cause and says he can not go safely to trial in said case for the want of the testimony of Mrs. Cahn, whose name is not now fully known to defendant, who resides in Rusk county, Texas. That he has used due diligence to procure the attendance of said witness by having a subpœna issued for her on the seventh day of August, 1882. That said subpœna was returned on the eighth day of August, 1882, executed, by Homer Roqeman, deputy sheriff of Rusk county. The defendant says the reason why he did not have process issued sooner for said witness was that he did not know that said party knew any facts material to his defense, nor did he know that she would testify to the facts to which she will testify, hereinafter stated, but as soon as he heard of these things he immediately caused process to issue as above stated. That the testimony of Mrs. Cahn is material to his defense. Defendant says that the only witness for the State who will testify that she recognized this defendant as the person who did the breaking into the house is Mrs. Coleman, and she will so testify, a white lady. That he expects to prove by Mrs. Cahn, the absent witness, another white lady, that Mrs. Coleman, a few days after the burglary was committed, told Mrs. Cahn that she did not recognize the party who committed the burglary, but took it to be a party by the name of Ben. Fuel. That defendant's defense to this case is *alibi*. That said witness is not absent by

the procurement or consent of the defendant. That this application is not made for delay. That the testimony cannot be procured from any other source known to defendant. That the defendant has reasonable expectations of procuring said witness and her testimony at the next term of the court. That in view of the lateness of the term, there is no reasonable expectation that the attendance of said witness can be secured during the present term of the court by a postponement of the trial to some future day of the term. Defendant says he is a negro and uneducated, and that in the nature of things he could not easily hear of things that white ladies would be speaking of; and defendant states, as a further reason why he probably did not learn of these facts sooner than before the meeting of the court, he has had to live with his bondsmen near Troupe in Smith county, being a poor man, and that the witness, Mrs. Cahn, resides not far from Overton, in another part of the county; and that upon the meeting of court he was delivered to the sheriff by his bondsmen, and placed in confinement, where he now is. Wherefore he prays," etc. This application was subscribed and sworn to by the defendant.

The opinion states the inculpatory evidence.

On behalf of the appellant, the statement of facts embodied in the transcript recites the following:

"The defendant proved that on the night the house was said to have been entered he was at home with his family, in the evening, with two friends; that he played on the violin for them, and went to bed at nine or ten o'clock, hanging his clothes on a chair at the foot of his bed. That himself and his wife slept together, and the two visitors slept together in another bed in the same room. That his wife and mother were up that night with a sick baby, twice, and that the defendant was in his bed then and appeared to be sleeping; that the doors of the house were hung on wooden hinges, and when opened made a noise like a wagon which needed grease; that those doors were closed when the inmates of the house went to bed, and were not opened during the night, or they would have awakened the witness. That the defendant slept on the side of the bed next to the wall, his wife in front, and their baby between them. That the defendant's reputation for honesty is good. That the prosecuting witness, G. A. Coleman, who was the only witness who claimed to have identified the defendant as the burglar, next day after the burglary occurred told witness, who is a negro

woman, in the presence of Mrs. McAffee and Mrs. Cahn, that she did not know who committed the crime, but she thought a man by the name of Ben Fuel did it. That the window through which the burglar was said to have jumped was so obstructed with vines that no one could have gotten through that place without tearing and destroying the vines; and that, next morning after the burglary was said to have been committed, the vines were intact and whole."

The motion for new trial complained of the action of the court on the motion to quash the indictment, and the application for a continuance, and assailed the charge of the court, and the sufficiency of the evidence. New trial was refused.

No brief filed for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J.   A motion to quash the indictment was properly overruled by the court, the allegations being amply sufficient to charge a burglary committed in the night time.

The defense in the case was an *alibi.* Mrs. Coleman, the wife of the party whose house was burglarized, was the only witness who identified the defendant as the burglar. Without giving the language used by the witness, we will substantially and briefly summarize the facts in evidence.

There were four rooms to the house. One of the front rooms was occupied by Coleman and wife. Behind this immediately was an open space which to the right led out on the back gallery, and beyond this open space was the dining room, and behind the dining room was the kitchen; and there were doors leading from each of these rooms to the other. About twelve o'clock on the night in question Mrs. Coleman woke her husband up and told him some one was in the kitchen. He got up and went out in the yard, and armed himself with a hoe with which to attack the thief. Whilst he was out arming himself, Mrs. Coleman took the lamp, which was brightly burning, and proceeded through the dining room to the kitchen, where she discovered the intruder, and cried out to her husband, "here's the thief." The thief ran to the north window and endeavored to raise it, but could not do so, and Mrs. Coleman retreated back the way she came, still repeating the cry of "here's the thief." She sat the lamp on the dining room table as she fled through

that room.    The burglar, not being able to go through the north window, followed Mrs. Coleman, and as he emerged from the kitchen and passed around the table where she had set the lamp, she says she recognized the defendant.    By this time Coleman with his hoe had reached the open space leading on the back gallery, expecting the thief to make his exit from that point. In this, however, he was mistaken; for, instead of the thief, Mrs. Coleman took that direction, and as she emerged he let her have the blow intended for the thief, which knocked her down and broke two of her ribs.    Meantime the thief, who was by no means "standing upon the order of his going," fled through the room of Coleman and wife, and escaped into the darkness of night through a vine-clad window.

Before going into trial, defendant made application for a continuance, which was overruled, and it was urged again on the motion for a new trial, and again was overruled.    This application does not seem to be wanting in diligence, materiality of the testimony, or probability of its truth, and under the circumstances of the case we are of opinion it should have prevailed on the motion for a new trial.

There are other matters complained of, growing out of the proceedings on the trial, but none of them are likely to arise again, and we do not feel called upon to discuss them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 18, 1882.